#### FOR THE

## COUNTY OF SUFFOLK, NOVEMBER TERM 1852, AT BOSTON.

━━━

##### PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF, } Justices.
Hon. GEORGE T. BIGELOW,

---

### Charles Boardman *vs.* Charles B. Kibbee.

In an action by the assignee of an insolvent debtor, to set aside a mortgage as made in contravention of the insolvent laws of this commonwealth, the mortgagee, to show that he had no reasonable cause to believe the mortgagor insolvent, may prove his inquiries then made of competent persons, as to the mortgagor's solvency, and their replies thereto ; and whether these were made in the presence or absence of the mortgagor is immaterial.

Whether a clerk in insolvency is or is not a certifying officer under *St.* 1838, c. 163, § 14, yet if both parties to a suit agree that "all copies of papers and original papers filed in the insolvent court may be used, if competent evidence, without proof of their execution," then copies of any of the papers in said case, certified by the clerk, need no further proof of their authenticity.

TROVER for a stock of goods, formerly belonging to Asa B. Clarke, of Springfield, and which the defendant had taken away and sold.

46 *

At the trial in this court, before *Dewey*, J. it appeared that the plaintiff was the assignee in insolvency of said Clarke, under *St.* 1838, *c.* 163, and claimed the goods in that capacity. The proceedings in insolvency were commenced June 22, 1849, and the goods in question were duly demanded of the defendant July 3, 1849. The defendant claimed the goods under a mortgage from said Asa B. Clarke to him, dated April 2, 1849, and duly recorded, given to secure a note of $400, in three months from date. On this mortgage, possession had been taken to foreclose, and notice thereof given to the mortgagor. The plaintiff contended that this mortgage was fraudulent and void, as against creditors, under the insolvent laws of this commonwealth, and this was the main question in the case. It was admitted by the defendant at the trial that said Clarke was in fact insolvent when the said mortgage was made, but to show that the defendant then had no reasonable cause to believe Clarke was insolvent, the defendant called E. D. Beach, Esq. who testified that Clarke and Kibbee both came to his office, April 2, 1849, and while Clarke was in another room, Kibbee inquired of the witness his opinion of Clarke's solvency. The witness replied that he considered Clarke perfectly solvent. The witness testified that he knew Clarke, but had not then heard his solvency or insolvency discussed. After the inquiry aforesaid was answered, the witness and Kibbee then went into the room where Clarke was, and in a conversation, which took place between Clarke and Kibbee, the former said he was worth $1000, after paying all his debts, and he had made such arrangements that he could go on easily, if Kibbee would indorse a certain note for him. The mortgage and note of $400 to the defendant was then executed in the witness' office. To this evidence the plaintiff objected, but it was admitted by the presiding judge.

Before the trial, the parties agreed in writing that " all copies of papers and original papers, filed with the commissioner of insolvency, may be used, if competent evidence, without further proof of their execution, &c." and the plaintiff put into the case the record of the proceedings in insolvency. It ap-

peared at the trial that the defendant had proved a certain note of $100 against the estate of Clarke, and to explain that this was done by mistake, the defendant offered a copy of some of the proceedings in insolvency, certified by the clerk of insolvency, which contained, among other things not material, a statement that the defendant had proved the mortgage note of $400, "by mistake," and a request for leave to withdraw the same and offer the note first intended to have been proved. The plaintiff also objected to the admission of this evidence, but it was admitted by the judge. The verdict was for the defendant, and if any of the foregoing rulings were wrong, a new trial was to be granted; otherwise, judgment on the verdict.

*P. W. Chandler*, for the plaintiff.

*W. G. Bates*, for the defendant.

DEWEY, J. This is an action of trover by the plaintiff, as assignee of one Asa B. Clarke, an insolvent debtor, to recover the value of a stock of goods claimed to be held by the defendant under a mortgage from said Clarke. The mortgage was made prior to the institution of proceedings in insolvency, and duly vested the property in the defendant, unless the same was void under the provisions of the insolvent laws, *St.* 1838, *c.* 163, and *St.* 1841, *c.* 124, more particularly § 3 of the latter, providing that if a debtor shall, within six months before the filing of the petition, being insolvent, make any assignment or conveyance, absolute or conditional, of his property, intending to give a preference, &c. the assignees may recover the full value of the property, or the property itself, from the creditor so preferred, "provided the creditor, when accepting such preference, had reasonable cause to believe such debtor was insolvent." The present mortgage was made to the creditor within six months previous to filing the petition before the commissioner of insolvency and the mortgagor, as it is now made to appear, was at the time of giving the mortgage insolvent.

The only question at issue, therefore, was whether, at the time of receiving the mortgage, the mortgagee had reasonable cause to believe the mortgagor was insolvent. To sustain

the defence on that point, and to rebut the presumption aris-
ing from the fact of actual insolvency now shown, the defend-
ant offered in evidence the facts and circumstances directly
connected with, and a part of the same transaction, now
alleged to be in fraud of the insolvent laws.

From the evidence it seems that before taking the mort-
gage, the defendant made the inquiries of Mr. Beach, and
received the answers stated in the report. Having made
these inquiries in the absence of Clarke, the insolvent, all the
parties immediately after came into the adjoining room, and
the defendant received from Clarke the further answers, as
stated, confirmatory of the solvency of Clarke, and thereupon
the defendant agreed to take the mortgage, which is now the
subject of this controversy. The evidence of the statement
of Clarke to Kibbee was not objected to, but only the state-
ment of Beach.

As to this, the first objection urged is that it took place in
the absence of Clarke. We do not perceive how that can be
a valid objection. It was the natural course of an inquiry
made to ascertain the solvency of the party with whom he
was about to deal, and it was not denied but that the inquiries
were directed to a suitable person, as to his general knowledge
of the citizens of the town or capacity to give information on
such subjects. The inquiries, as appeared in the present case,
were a part of the circumstances of the actual transaction of
taking the mortgage, and were properly introduced to show
the precautionary measures taken by the defendant to ascer-
tain if he might with safety take such mortgage. Such evi-
dence is, of course, always open to all questions of its *bonâ
fide* character, and also to the fitness of the person applied to,
all which was for the jury. It is, however, objected to a por-
tion of this evidence that it is a statement of the opinion of
Beach, as to the solvency of Clarke at the time of giving the
mortgage. It is to be remembered that the testimony was
offered, not for the purpose of showing the actual solvency
of Clarke at that time, but for the more limited purpose of
showing that the defendant had reason to believe him solvent.
For this purpose he may show that he made inquiry at the

proper source, received an honest answer, and that answer was that he was solvent, and generally reputed to be so. The objection further urged that Beach had not the requisite means of knowledge, as he now says he had never heard the solvency or insolvency of Clarke discussed, does not require the rejection of the testimony that he told the defendant, in answer to his inquiry, that he considered Clarke solvent. Whether the whole statement of Beach tended to satisfy them that the defendant had reason to believe Clarke solvent, was wholly for the jury. The court are, therefore, of opinion, that this evidence was admissible for the limited purpose for which it was offered and used.

The plaintiff objected also to the admission of certain papers and copies under the hand and certificate of the clerk in insolvency. The question arises here whether the clerk in insolvency is a certifying officer. The *St.* of 1838, *c.* 163, § 14 requires that all the papers in the proceedings in insolvency be returned to the probate office, and makes the register of probate the certifying officer of all papers, after the proceedings are closed. But the parties stipulated by a written agreement, filed in the present case, that all copies of papers and original papers filed with the commissioner in insolvency may be used, if competent evidence, without further proof, &c. The parties have, by mutual consent, removed all objection to the formal proof of these copies and papers. Indeed, the plaintiff himself offered such copies without further evidence, and it was open to both parties to do so under their stipulation. The objection suggested that one of these papers, being the copy of a petition filed by the defendant, asking of the commissioner in insolvency leave to withdraw one note that had been allowed, and to file another note, assigned as a reason therefor that by mistake he filed the wrong one, does not operate to exclude the paper. It was said that the party was not thus to make evidence for himself that the first note was filed by mistake. Certainly he is not, and the jury would, of course, be instructed, if the instruction was asked, that they were not to take that statement as evidence of the truth of that fact. It was competent to read this paper, however, as a

part of the proceedings before the commissioner, and as show-ing that the first note was in fact withdrawn, and with the defendant's assent. *Judgment on the verdict.*